# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# COLUMBIA DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> COPPERHEAD CONSTRUCTION, LCC, SARA-TECH, LLC, AND REYNOLDS BALDWIN, III <br><br> Defendants. | Case No. 1:17-cv-00110 <br><br> District Judge Campbell <br><br> Magistrate Judge Frensley |

## CONSENT ORDER AND PERMANENT INJUNCTION

This matter is before the Court on the parties' joint motion for entry of consent order and permanent injunction. The parties have advised the Court that they have resolved this matter and that the Defendants have consented to the entry of this order without further contest. The parties' motion is granted. Based on the parties' agreement, it is therefore

ORDERED, ADJUDGED and DECREED that the Defendants, Copperhead Construction, LLC, Sara-Tech, LLC, and Reynolds Baldwin, III, their agents, servants, employees, and all persons in active concert or participation with them who receive actual notice hereof, are permanently enjoined from violating the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.*, hereinafter referred to as the Act, in any of the following manners:

1. They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods

for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by § 6 as now in effect or which hereafter may be made applicable by amendment thereto.

2. They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

3. They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep, and preserve adequate and accurate employment records as prescribed by regulation in 29 C.F.R. Part 516.

It is FURTHER ORDERED that Plaintiff shall recover damages from Defendants totaling $530,000 over a period of 24 months as set forth below. This amount represents back wages in the amount of $250,500.39, liquidated damages in the amount of $250,499.57, and a civil money penalty in the amount of $29,000.04. These back wages and damages are being paid to compensate the 82 individuals listed on Exhibit A to the complaint [ECF No. 1-1]. These individuals were employed by the Defendants during the time periods listed in Schedule A below. The private rights under the Act of any person not named or for periods not stated shall not be terminated or otherwise affected by this proceeding.

To comply with this provision of the order, the Defendants shall issue checks to all persons currently employed by them as provided in Schedule B below. Checks shall be issued in in the amounts indicated in Schedule A, less all legally mandated deductions to the back wages,

including, but not limited to, the employee's share of FICA and other taxes. The Defendants are responsible for determining and calculating appropriate deductions and issuing appropriate tax forms. For persons no longer employed by the Defendants, Defendants shall issue checks, as provided in the Schedules, and mail the checks to each employee's last known address by first class U.S Mail. With respect to timing, the Defendants shall make the payments as provided in Schedule B. The final payment of the civil money penalty shall be made through a check to the Plaintiff in the amount of $29,000.04, made payable to "Wage and Hour Division – Labor."

Within 90 days of mailing and/or distributing each check, Defendants shall provide Plaintiff with a copy of the checks issued (along with a schedule showing any deductions that were made and the amounts thereof), report to Plaintiff regarding whether each check has been negotiated and/or cleared the issuing financial institution, and provide Plaintiff with proof of such negotiation.[1] For all checks that were not negotiated or cashed within 90 days of issuance, Defendants shall issue a single check to "Wage and Hour Division – Labor" to cover the net due to all employees who did not negotiate or cash their checks.[2] The "net due" is the amount shown on Schedule A, less any applicable deductions from back wages. Defendants shall thereafter provide the check to the Plaintiff, along with a schedule listing the names of the employees for whom payment is being made, the employees' last known address, social security number (if

---

[1] Defendants shall provide this information to: Nettie Lewis, District Director, Wage & Hour Division, U.S. Department of Labor, 1321 Murfreesboro Pike, Suite 204, Nashville, Tennessee 37217.

[2] Defendants may also pay online by ACH transfer, credit card, debit card, or digital wallet by going to https://pay.gov/public/form/start/75535158 or by going to www.pay.gov and searching "WHD Back Wage Payment – SE Region." In the event that the Defendants elect to pay in this manner, they are still responsible for providing Plaintiff with a schedule listing the names of the employees for whom payment is being made, the employees' last known address, social security number (if possible), and the gross and net amount due to each employee.

3

possible), and the gross and net amount due to each employee.[3] Upon receipt of the check, Plaintiff may distribute the funds to the employees or to their personal representatives. Any amounts not so distributed by Plaintiff within three years after the date of this order, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts. Defendants shall remain responsible for the employer's share of any FICA or other applicable taxes arising from or related to the back wages paid hereunder. Defendants may issue "stop payment" orders with their financial institution as to those checks that were not negotiated or cashed if they so desire.

The Defendants may, at their own expense, use a third-party administrator to comply with the terms of this Consent Order. The use of such a third party shall not relieve the Defendants of any obligations to comply with the terms of this Consent Order. It is

FURTHER ORDERED that in the event of default by Defendants in the payment of any of the installments listed on Schedule B, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date of default until paid in full. It is

FURTHER ORDERED that Defendants shall not request, solicit, suggest or coerce, directly or indirectly, any employee to return or to offer to return to Defendants, or to someone else for Defendants, any money in the form of cash, check or in any other form, for wages previously due or to become due in the future to said employees under the provisions of this order;

---

[3] In the event that the check expires prior to being negotiated, the Defendants shall, at the request of the Plaintiff, reissue said check.

4

nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check or any other form for wages heretofore or hereafter paid to said employee under the provisions of this order; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate against any such employee because such employee has received or retained money due from Defendants under the provisions of this order. It is

    FURTHER ORDERED that each party shall bear such other of its own attorney fees and expenses incurred by such party in connection with any stage of this proceeding, including but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended. This Court shall retain jurisdiction of this action for the purposes of enforcing compliance with the terms of this order.

                                               WILLIAM L. CAMPBELL, JR.
                                               UNITED STATES DISTRICT JUDGE

*Approved for Entry:*

POST OFFICE ADDRESS:

Office of the Solicitor
U. S. Department of Labor
618 Church Street, Suite 230
Nashville, Tennessee 37219
Telephone: (615) 781-5330
Fax No.: (615) 781-5321
nash.fedcourt@dol.gov
motzny.thomas.j@dol.gov
smith.christopher.m@dol.gov

KATE S. O'SCANNLAIN
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

THERESA BALL
Associate Regional Solicitor

*/s/ Thomas J. Motzny*

THOMAS J. MOTZNY (TN 027737)
CHRISTOPHER M. SMITH (TN 029399)

U. S. Department of Labor
Attorneys for Plaintiff

Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville City Center
Nashville, Tennessee 37219
Telephone: (615) 244-6380
Fax No.: (615) 244-6804
andy.naylor@wallerlaw.com
brittany.hopper@wallerlaw.com

*/s/ Andrew S. Naylor*

ANDREW S. NAYLOR (TN 017028)
BRITTANY S. HOPPER (TN 031691)
Attorneys for Defendants

*/s/ RB*

REYNOLDS BALDWIN, III
Individual Defendant and member of
Copperhead Construction, LLC, and Sara-Tech, LLC

## Schedule A

| Employee | Period Covered | Back wages | Liquidated Damages | Total Due Employee |
|---|---|---|---|---|
| Aceves, Fidel | 8/6/16 – 9/10/16 | $560.40 | $560.39 | $1,120.79 |
| Alfaro, Oswald A. | 3/7/15 – 1/30/16 | $2,339.91 | $2,339.90 | $4,679.81 |
| Alonzo, Lesley | 9/12/15 – 9/10/16 | $5,464.79 | $5,464.78 | $10,929.57 |
| Alonzo, Oscar A. | 6/18/16 – 6/18/16 | $154.49 | $154.48 | $308.97 |
| Alonzo, Pablo L. | 12/20/14 – 7/9/16 | $5,655.75 | $5,655.74 | $11,311.49 |
| Alonzo, Suzy | 3/5/16 – 7/23/16 | $2,149.46 | $2,149.45 | $4,298.91 |
| Avalos, Rogelio R. | 11/14/15 – 7/23/16 | $2,677.25 | $2,677.24 | $5,354.49 |
| Calixto, Alain | 1/3/15 – 7/9/16 | $4,509.98 | $4,509.97 | $9,019.95 |
| Delgado, Paulo | 12/20/14 – 6/27/15 | $659.36 | $659.35 | $1,318.71 |
| Deras, Carlos | 1/24/15 – 7/9/16 | $6,886.06 | $6,886.05 | $13,772.11 |
| Diaz, Aldo | 2/28/15 – 5/23/15 | $172.59 | $172.58 | $345.17 |
| Diaz, Basilio | 12/20/14 – 4/18/15 | $265.52 | $265.51 | $531.03 |
| Diaz, Eder M | 12/27/14 – 3/7/15 | $250.03 | $250.02 | $500.05 |
| Diaz, Eduardo O | 1/3/15 – 2/25/17 | $7,306.86 | $7,306.85 | $14,613.71 |
| Dominquez, Jorge A | 12/20/14 – 1/23/16 | $3,690.95 | $3,690.94 | $7,381.89 |
| Dominquez, Juan (Jorge) A | 1/17/15 – 2/20/16 | $2,176.73 | $2,176.72 | $4,353.45 |
| Dominquez, Juan (Jorge) C | 12/20/14 – 2/14/15 | $653.73 | $653.72 | $1,307.45 |
| Duarte, Miguel | 3/21/15 – 9/10/16 | $9,008.35 | $9,008.34 | $18,016.69 |
| Dubon, Juan | 12/20/14 – 9/10/16 | $4,315.22 | $4,315.21 | $8,630.43 |
| Duran, Israel | 12/20/14 – 5/23/15 | $411.15 | $411.14 | $822.29 |
| Erazo, Valery A | 3/19/16 – 9/10/16 | $1,987.34 | $1,987.33 | $3,974.67 |
| Espitia, Alberto A | 12/20/14 – 9/10/16 | $2,845.81 | $2,845.80 | $5,691.61 |
| Estrada, Ruben | 12/20/14 – 3/26/16 | $2,994.81 | $2,994.80 | $5,989.61 |
| Fabian, Pedro A | 12/20/14 – 10/24/15 | $7,038.53 | $7,038.52 | $14,077.05 |
| Garcia, Alberto A | 12/20/14 – 3/28/15 | $465.30 | $465.29 | $930.59 |
| Garcia, Alfonso M | 12/20/14 – 3/5/16 | $4,373.60 | $4,373.59 | $8,747.19 |
| Garcia, Isidro | 12/20/14 – 1/24/15 | $90.12 | $90.11 | $180.23 |
| Garcia, Rodrigo | 3/21/15 – 9/10/16 | $5,398.21 | $5,398.20 | $10,796.41 |
| Gomez, Jose R | 8/29/15 – 9/10/16 | $6,078.26 | $6,078.25 | $12,156.51 |
| Gonzales, Marcos A | 9/5/15 – 9/26/15 | $91.73 | $91.72 | $183.45 |
| Gonzales, Angel | 3/7/15 – 9/26/15 | $711.26 | $711.25 | $1,422.51 |
| Guerra, Alejandro | 12/20/14 – 10/31/15 | $1,152.47 | $1,152.46 | $2,304.93 |
| Hernandez, Innocente S | 7/25/15 – 1/9/16 | $757.36 | $757.35 | $1,514.71 |
| Jimenez-Vargas, Ricardo | 12/20/14 – 1/30/16 | $2,480.14 | $2,480.13 | $4,960.27 |
| Juarez, David | 12/20/14 – 9/10/16 | $7,032.78 | $7,032.77 | $14,065.55 |
| Juarez, Ricardo | 7/4/15 – 2/25/17 | $8,838.61 | $8,838.60 | $17,677.21 |
| Juarez, Saul | 12/20/14 – 2/25/17 | $9,067.70 | $9,067.69 | $18,135.39 |

| Name | Dates | Amount 1 | Amount 2 | Total |
|---|---|---|---|---|
| Lopez, Daniel | 12/20/14 – 9/10/16 | $3,771.91 | $3,771.90 | $7,543.81 |
| Lopez, Jamie | 10/31/15 – 10/31/15 | $38.63 | $38.62 | $77.25 |
| Lopez, Saul M | 10/31/15 – 10/31/15 | $90.52 | $90.51 | $181.03 |
| Lozano, Carlos | 1/9/16 – 1/9/16 | $92.93 | $92.92 | $185.85 |
| Lozano, Juan C | 1/9/16 – 1/9/16 | $92.93 | $92.92 | $185.85 |
| Maldonado, Zoila L | 5/2/15 – 9/10/16 | $4,056.65 | $4,056.64 | $8,113.29 |
| Maldonado-Rodriguez, Ever | 3/21/15 – 4/30/16 | $3,094.50 | $3,094.49 | $6,188.99 |
| Maldonado-Rodriguez, Nelson | 4/4/15 – 4/30/16 | $2,503.88 | $2,503.87 | $5,007.75 |
| Mandujano, Alfonso | 12/20/14 – 9/10/16 | $9,388.56 | $9,388.55 | $18,777.11 |
| Martinez, Carlos | 12/20/14 – 9/3/16 | $7,311.22 | $7,311.21 | $14,622.43 |
| Martinez, Cristobal P | 3/14/15 – 3/5/16 | $4,142.02 | $4,142.01 | $8,284.03 |
| Martinez, Luis A | 10/31/15 – 10/31/15 | $96.56 | $96.55 | $193.11 |
| Mojica, Miguel | 3/14/15 – 10/10/15 | $2,468.95 | $2,468.94 | $4,937.89 |
| Morales, Edgar A | 12/20/14 – 9/10/16 | $8,632.27 | $8,632.26 | $17,264.53 |
| Morales, Pedro G | 7/11/15 – 6/25/16 | $3,816.16 | $3,816.15 | $7,632.31 |
| Moran, Rosy | 5/7/16 – 5/14/16 | $80.46 | $80.45 | $160.91 |
| Moreno, Jose A | 8/22/15 – 9/10/16 | $4,007.23 | $4,007.22 | $8,014.45 |
| Najera, David | 12/20/14 – 9/10/16 | $4,777.64 | $4,777.63 | $9,555.27 |
| Navarrete, Jose M | 12/20/14 – 3/12/16 | $4,505.80 | $4,505.79 | $9,011.59 |
| Navarro, Ines | 10/24/15 – 12/12/15 | $96.56 | $96.55 | $193.11 |
| Ontiveros, Sergio | 12/20/14 – 2/25/17 | $5,561.71 | $5,561.70 | $11,123.41 |
| Osorio, Jamie | 1/9/16 – 1/9/16 | $53.11 | $53.10 | $106.21 |
| Pascual, Mario | 12/20/14 – 6/18/16 | $9,266.46 | $9,266.45 | $18,532.91 |
| Perdomo, Glenda | 11/7/15 – 9/10/16 | $4,403.80 | $4,403.79 | $8,807.59 |
| Perez, Oscar A | 9/5/15 – 1/30/16 | $453.79 | $453.78 | $907.57 |
| Ponce, Jorge | 12/20/14 – 1/30/16 | $6,650.62 | $6,650.61 | $13,301.23 |
| Ponce, Laura | 5/23/15 – 7/4/15 | $538.27 | $538.26 | $1,076.53 |
| Portillo, Claudia | 3/28/15 – 9/10/16 | $4,311.39 | $4,311.38 | $8,622.77 |
| Quiroz, Jesus | 12/20/14 – 2/14/15 | $253.45 | $253.44 | $506.89 |
| Rabeles, Emigdio | 12/20/14 – 11/21/15 | $601.43 | $601.42 | $1,202.85 |
| Rhodas, Henry | 12/20/14 – 2/14/15 | $197.13 | $197.12 | $394.25 |
| Riveria, Nestro | 12/20/14 – 7/18/15 | $1,448.08 | $1,448.07 | $2,896.15 |
| Robinson, Troy | 6/27/15 – 9/26/15 | $189.08 | $189.07 | $378.15 |
| Rodriguez, Edgar J | 3/28/15 – 5/9/15 | $17.71 | $17.70 | $35.41 |
| Ruiz, Luis A | 6/6/15 – 5/14/16 | $6,074.96 | $6,074.95 | $12,149.91 |
| Sanchez, Adrian | 12/20/14 – 7/30/16 | $6,412.67 | $6,412.66 | $12,825.33 |
| Sanchez, Luis M | 5/16/15 – 3/19/16 | $3,946.51 | $3,946.50 | $7,893.01 |
| Taylor Jr., Jimmy | 8/6/16 – 9/10/16 | $337.93 | $337.92 | $675.85 |
| Valdez, Alexander | 12/20/14 – 9/10/16 | $8,458.36 | $8,458.35 | $16,916.71 |
| Vasquez, Maria | 5/28/16 – 9/3/16 | $1,104.66 | $1,104.65 | $2,209.31 |
| Vasquez, Mario | 12/20/14 – 7/4/15 | $1,918.53 | $1,918.52 | $3,837.05 |
| Velasquez, Victor M | 6/13/15 – 6/27/15 | $1,588.26 | $1,588.25 | $3,176.51 |

| Name | Dates | Amount 1 | Amount 2 | Total |
|---|---|---|---|---|
| Venavidez, Iveth | 5/28/16 – 9/10/16 | $1,652.63 | $1,652.62 | $3,305.25 |
| Villanueva, Gerado | 12/20/14 – 7/25/15 | $811.17 | $811.16 | $1,622.33 |
| Wilson, Larry | 4/4/15 – 5/16/15 | $470.69 | $470.68 | $941.37 |
| | **Total** | **$250,500.39** | **$250,499.57** | **$500,999.96** |

## Schedule B

### Payment 1

| Employee | Payments to be made within 30 days of order issuing |
|---|---|
| Rodriguez, Edgar J | $35.41 |
| Lopez, Jamie | $77.25 |
| Osorio, Jamie | $106.21 |
| Moran, Rosy | $160.91 |
| Garcia, Isidro | $180.23 |
| Lopez, Saul M | $181.03 |
| Gonzales, Marcos A | $183.45 |
| Lozano, Carlos | $185.85 |
| Lozano, Juan C | $185.85 |
| Martinez, Luis A | $193.11 |
| Navarro, Ines | $193.11 |
| Alonzo, Oscar A. | $308.97 |
| Diaz, Aldo | $345.17 |
| Robinson, Troy | $378.15 |
| Rhodas, Henry | $394.25 |
| Diaz, Eder M | $500.05 |
| Quiroz, Jesus | $506.89 |
| Diaz, Basilio | $531.03 |
| Taylor Jr., Jimmy | $675.85 |
| Duran, Israel | $822.29 |
| Perez, Oscar A | $907.57 |
| Garcia, Alberto A | $930.59 |
| Wilson, Larry | $941.37 |
| Ponce, Laura | $1,076.53 |
| Aceves, Fidel | $1,120.79 |
| Rabeles, Emigdio | $1,202.85 |
| Dominquez, Juan (Jorge) C | $1,307.45 |
| Delgado, Paulo | $1,318.71 |
| Gonzales, Angel | $1,422.51 |
| Hernandez, Innocente S | $1,514.71 |
| Villanueva, Gerado | $1,622.33 |
| Vasquez, Maria | $2,209.31 |
| Guerra, Alejandro | $2,304.93 |
| Riveria, Nestro | $2,896.15 |
| Velasquez, Victor M | $3,176.51 |
| Venavidez, Iveth | $3,305.25 |
| Vasquez, Mario | $3,837.05 |
| Erazo, Valery A | $3,974.67 |

| Employee | Amount |
|---|---|
| Alonzo, Suzy | $4,298.91 |
| Dominquez, Juan (Jorge) A | $4,353.45 |
| Alfaro, Oswald A. | $4,679.81 |
| Mojica, Miguel | $4,937.89 |
| Jimenez-Vargas, Ricardo | $4,960.27 |
| Maldonado-Rodriguez, Nelson | $5,007.75 |
| Avalos, Rogelio R. | $5,354.49 |
| Espitia, Alberto A | $5,691.61 |
| Estrada, Ruben | $5,989.61 |
| Maldonado-Rodriguez, Ever | $6,188.99 |
| Dominquez, Jorge A | $7,381.89 |
| Lopez, Daniel | $7,543.81 |
| Morales, Pedro G | $7,632.31 |
| Sanchez, Luis M | $7,893.01 |
| Moreno, Jose A | $8,014.45 |
| Maldonado, Zoila L | $8,113.29 |
| Martinez, Cristobal P | $8,284.03 |
| Portillo, Claudia | $8,622.77 |
| Dubon, Juan | $8,630.43 |
| Garcia, Alfonso M | $8,747.19 |
| Perdomo, Glenda | $8,807.59 |
| **Gross Amount** | **$182,347.89** |

### Payment 2

| Employee | Payments to be made within 6 months of order issuing |
|---|---|
| Navarrete, Jose M | $9,011.59 |
| Calixto, Alain | $9,019.95 |
| Najera, David | $9,555.27 |
| Garcia, Rodrigo | $10,796.41 |
| Alonzo, Lesley | $10,929.57 |
| **Gross Amount** | **$49,312.79** |

### Payment 3

| Employee | Payments to be made within 9 months of order issuing |
|---|---|
| Ontiveros, Sergio | $11,123.41 |
| Alonzo, Pablo L. | $11,311.49 |
| Ruiz, Luis A | $12,149.91 |
| Gomez, Jose R | $12,156.51 |

| Sanchez, Adrian | $12,825.33 |
|---|---|
| **Gross Amount** | **$59,566.65** |

### Payment 4

| Employee | Payments to be made within 12 months of order issuing |
|---|---|
| Ponce, Jorge | $13,301.23 |
| Deras, Carlos | $13,772.11 |
| Juarez, David | $14,065.55 |
| Fabian, Pedro A | $14,077.05 |
| **Gross Amount** | **$55,215.94** |

### Payment 5

| Employee | Payments to be made within 15 months of order issuing |
|---|---|
| Diaz, Eduardo O | $14,613.71 |
| Martinez, Carlos | $14,622.43 |
| Valdez, Alexander | $16,916.71 |
| **Gross Amount** | **$46,152.85** |

### Payment 6

| Employee | Payments to be made within 18 months of order issuing |
|---|---|
| Morales, Edgar A | $17,264.53 |
| Juarez, Ricardo | $17,677.21 |
| Duarte, Miguel | $18,016.69 |
| **Gross Amount** | **$52,958.43** |

### Payment 7

| Employee | Payments to be made within 21 months of order issuing |
|---|---|
| Juarez, Saul | $18,135.39 |
| Pascual, Mario | $18,532.91 |
| Mandujano, Alfonso | $18,777.11 |
| **Gross Amount** | **$55,445.41** |

### Payment 8

| U.S. Department of Labor | Payment to be made within 24 months of order issuing |
|---|---|
| Civil Money Penalty | $29,000.04 |
| **Gross Amount** | **$29,000.04** |